IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 4 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| DENNIS R. WALKER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. CA-C-00-099 |
| | § | |
| SUSAN LAMB, ET AL., | § | |
| Defendants. | § | |

**DEFENDANT LAMB'S ORIGINAL ANSWER AND JURY DEMAND**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

COMES NOW Susan Lamb, Defendant herein, by and through her attorney, the Attorney General of Texas, and files this her Original Answer and Jury Demand. In support thereof, Lamb respectfully offers the following:

**I.**

1. Defendant admits that Plaintiff is an inmate confined in the custody of the Texas Department of Criminal Justice, Institutional Division.

2. Defendant admits that she was an employee of the Texas Department of Criminal Justice, Institutional Division at all times relevant to the allegations in Plaintiff's Complaint.

3. Defendant admits that the Texas Department of Criminal Justice, Institutional Division is an Agency of the State of Texas.

4. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation contained in Plaintiff's Complaint except those expressly admitted herein.

5. Defendant denies tampering with Plaintiff's mail in any manner or form.

6. Plaintiff has not stated a claim upon which relief can be granted under 42 U.S.C. § 1983 or under any other statute, constitutional theory, or legal authority.

7. Defendant admits that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. § 1983 but denies that such circumstances are present in this case.

8. Defendant asserts that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

9. Defendant asserts that any claim premised upon the doctrine of *respondeat superior* will not support a claim of a constitutional dimension under 42 U.S.C. § 1983.

10. Defendant asserts that government officials acting in their official capacity are not "persons" within the meaning of 42 U.S.C. § 1983, and thus are not proper parties to a cause of action under said statute. Therefore, the claims against this Defendant in her official capacity is not proper. Defendant requests dismissal of Plaintiff's claims under 42 U.S.C. § 1983 to the extent that they are brought against her in her official capacity.

11. Defendant denies that they acted separately or in concert to engage in illegal conduct to injure Plaintiff.

12. Defendant denies that Plaintiff was deprived of any right, privilege or immunity granted or secured by the Constitution and/or laws of the United States.

13. Defendant denies that Plaintiff is entitled to injunctive, declaratory, or any other relief demanded in his complaint, and further denies that Plaintiff is entitled to damages, attorney's fees, or costs in any amount whatsoever.

14. Defendant states that at all times relevant to the allegations against her she acted in good faith and with a reasonable belief that her acts were in compliance with the laws and Constitution of the United States and she hereby claims her entitlement to a qualified, good faith immunity from suit.

15. Defendant hereby asserts her Eleventh Amendment immunity to any claim for damages which may have been brought against her in her official capacity.

16. Defendant hereby asserts her entitlement to official immunity to any claims brought against her under the Constitution and laws of the State of Texas.

17. Defendant asserts that attorney's fees are unavailable for any and all claims brought pursuant to the laws of the State of Texas.

18. Plaintiff has sued a state agency, which in actuality is a suit solely against the State. Absent express legislative or statutory authorization, neither the State of Texas nor any of its agencies is subject to suit under state law.

19. Defendant asserts that Plaintiff's amount of recovery, if any, under pendent state claims may be barred or limited by state law theories of comparative responsibility and/or contribution. Therefore, Defendant asserts her entitlement to the affirmative defenses of contributory and comparative negligence, illegality, assumption of the risk, and estoppel for any negligence claims asserted against her and any other pendent state claims to which these defenses apply.

20. Defendant asserts that liability for claims brought pursuant to § 101.001, *et seq.*, of the Texas Civil Practice and Remedies Code is limited by § 101.023 and hereby asserts the damages limit as set forth therein.

21. Defendant asserts that punitive damages and attorney's fees are not available for claims brought pursuant to §101.001, *et seq.*, of the Texas Civil Practice and Remedies Code.

22. The waiver of sovereign immunity effectuated by the Texas Tort Claims Act is specific and limited in scope. Section 101.021 of that Act provides in pertinent part that a government unit may be held liable for:

>   (2) personal injury and death so cause by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC.& REM. CODE § 101.021 (Vernon 1990). See also TEX. CIV. PRAC & REM. CODE § 101.025(a)(Vernon 1990) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter).

Plaintiff has not pled a "condition or use of tangible personal or real property," which proximately cause the alleged injuries. Further, Defendant's immunity would be a bar to recovery since a private person would, therefore, not be liable to a claimant.

23. Defendant states that the Texas Tort Claims Act does not apply to intentional torts.

24. Defendant asserts that the Texas Tort Claims Act does not apply to the claims which form the basis of Plaintiff's original complaint.

25. Defendant asserts that Eleventh Amendment immunity and sovereign immunity bar liability to any extent greater than authorized by the Texas Tort Claims Act.

26. Defendant states that a ruling on Plaintiff's claim under the Texas Tort Claims Act will bar any further consideration of state claims against her.

27. To the extent that Plaintiff is requesting a system wide change in the policies of the Texas Department of Criminal Justice, Defendant denies that she is a proper party to effect such relief.

28. Defendant denies that an injunction may lie against her. Defendant asserts that an injunction may only issue against the director of the day to day operations of the prison system.

29. Defendant alleges that this suit is frivolous and without merit and that as such she is entitled to recover from Plaintiff the amount of any attorney's fees and costs incurred in defending

this suit. Defendant seeks recovery from Plaintiff such attorney's fees and costs expended by her in being required to defend this suit.

## DEFENDANT'S JURY DEMAND

Should trial be necessary in the foregoing cause of action, Defendant Lamb respectfully requests a trial by jury

WHEREFORE, PREMISES CONSIDERED, Defendant Lamb moves this Court to deny Plaintiff any and all relief demanded in his complaint and to grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SHANE PHELPS
Deputy Attorney General For Criminal Justice

LOUIS V. CARRILLO
Assistant Attorney General
Chief, Law Enforcement Defense Division

JENNETTE E. DEPONTE
Assistant Attorney General
Attorney-in-Charge
State Bar No. 00795935
Southern District No. 23305

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
Fax No. (512) 495-9139

**ATTORNEYS FOR DEFENDANT LAMB**

## CERTIFICATE OF SERVICE

I, JENNETTE E. DEPONTE, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Lamb's Original Answer and Jury Demand** has been served by placing same in the United States Mail, Certified Mail, Return Receipt Requested, on this the 21st day of April, 2000, addressed to:

Dennis R. Walker TDCJ-ID 655576  
Dalhart Unit  
HCR 4 Box 4000  
Dalhart, Texas 79022

*CMRRR No. Z 280 369 467*

_____  
JENNETTE E. DEPONTE  
Assistant Attorney General