IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR - 5 2001

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| DENNIS RAY WALKER | § § | |
| V. | § | C.A. NO. C-00-099 |
| SUSAN LAMB | § § | |

## MEMORANDUM AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff is an inmate of the Texas Department of Criminal Justice ("TDCJ-ID"), currently incarcerated at the Estelle Unit in Huntsville, Texas. Proceeding *pro se*, plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 (D.E. 1) alleging that Susan Lamb, Mailroom Supervisor at the Garza West Unit in Beeville, Texas, violated his constitutional rights by interfering with his outgoing privileged mail.

Defendant now moves for summary judgment (D.E. 13, "DSJ"). Plaintiff has filed no response, which is taken as a representation of no opposition under Local Rule 7.4. For the reasons stated herein, it is recommended that defendant's motion for summary judgment be granted.

### I. SUMMARY JUDGMENT STANDARD

Rule 56(c) provides that "[summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it

believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).

Once a proper motion has been made, the non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. Celotex Corp., 477 U.S. at 322-23, 106 S. Ct. at 2552; Anderson v. Liberty Lobby Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 2514 (1986); Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 506 U.S. 825, 113 S. Ct. 82 (1992).

The controverted evidence must be viewed in the light most favorable to the non-movant and all reasonable doubts must be resolved against the moving party. Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S. Ct. 3177, 3188 (1990). Summary judgment is mandated if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at trial. Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552. "In such situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Id. at 322-23, 106 S. Ct. at 2552.

## II. SUMMARY JUDGMENT EVIDENCE

In support of her motion for summary judgment, defendant offers the deposition of plaintiff, especially the stamped receipts attached to the deposition as exhibits 1 and 4 (DSJ Ex. A Ex. 1, 4) and the affidavit of Lillie Harris, the current Garza West mailroom supervisor, which describes the applicable mailroom procedures on that unit (DSJ Ex. B).

The facts alleged in a *pro se* inmate's sworn pleadings constitute sufficient summary judgment evidence and separate affidavits are not necessary. Sammons v. Taylor, 967 F.2d 1533, 1545 (11th Cir. 1992). Plaintiff verified his original complaint under penalty of perjury (D.E.1 at 5).

### III. BACKGROUND FACTS

Plaintiff claims that on two separate occasions, March 7, 1998 and April 9, 1998, he gave the Garza West mailroom a letter to be sent by certified mail, return receipt requested, to TDCJ Internal Affairs Division (D.E. 1 at 3-3a). Although plaintiff did receive the green return receipt cards from both letters, the return receipts were undated and bore no signature to prove that the letters had actually reached the addressee. Further, the return receipts showed no signs of the wear plaintiff believes would be noticeable if they had made their way through the United States mail (D.E. 1 at 3a). Plaintiff states that upon inquiring with the United States Postal Service ("USPS") about these letters he was informed that the USPS had no record of handling either letter (Id.). Based on these events, plaintiff alleges that defendant Lamb seized or intercepted the two letters.

According to plaintiff, the alleged seizure or interception of these letters constituted a deprivation of his property and a violation of his right to due process and equal protection. Plaintiff named Lamb as the supervisor of the Garza West Unit mailroom.[1] Plaintiff seeks declaratory and injunctive relief as well as monetary damages.

Defendant moves for summary judgment, arguing (1) that there is no evidence that the letters in question were ever destroyed or intercepted and (2) that she was not personally involved in the incidents made the basis of this suit, nor can she be held vicariously liable for any actions of her

---

[1] Although TDCJ-ID is also listed as a separate defendant on some of the papers filed in this cause, plaintiff has named only Lamb as a defendant.

subordinates in the mailroom. At the September 22, 2000 scheduling conference, plaintiff was given 45 days to respond to the motion once he received it (D.E. 14). Plaintiff has not responded to defendant's motion.

## IV. DISCUSSION

### A. No genuine issue of fact whether incidents occurred

Defendant offers competent summary judgment proof that the alleged interference with mail never occurred. The fact that the certified mail return receipt cards were returned to plaintiff without recipient signatures, dates, and a degree of dilapidation do not necessarily show that the two letters were intercepted by defendant. On the contrary, defendant establishes that the letters were not intercepted but were placed in the United States mail by TDCJ employees.

The affidavit of Lillie Harris, currently mailroom supervisor at Garza West and an employee of that mailroom since January 1998, outlines the procedure for mailing inmates' letters by certified mail, return receipt requested:

> An inmate. . . .is responsible for completing the certified mail information prior to giving his mail to the mailroom.
> . . . . . . . . . .
> . . .[T]he certified letter is carried to the U.S. Post Office in Beeville. . . .
> . . . . . . . . . .
> The receipt for certified mail is stamped by the U.S. Postal Service when the Texas Department of Criminal Justice releases the letter to the U.S. Postal Clerk. The U.S. Postal employee, not a TDCJ employee stamps the certified mail receipts. The U.S. Post Office will not stamp the receipt for certified mail unless it receives the corresponding letter with the green card attached. After the Texas Department of Criminal Justice releases the letters to the custody of the U.S. Post Office, it has no control over the inmate's mail. The stamped receipt for certified mail is later returned to the inmate.

DSJ Ex. B. Plaintiff has not submitted any evidence challenging the accuracy of this description of the Garza West Unit's procedures for handling certified mail.

4

Exhibit A to defendant's motion for summary judgment establishes that TDCJ employees did release the two letters at issue to the United States Postal Clerk in Beeville. The USPS did indeed stamp the receipts when it took both letters from TDCJ employees, as established by the following evidence. The USPS stamped the Receipt for Certified Mail for plaintiff's first letter with a date of March 7, 1998 and the name of Beeville, Texas with zip code (DSJ Ex. A Ex. 1). Similarly, the USPS stamped the Receipt for Certified Mail for plaintiff's second letter with a date of April 9, 1998 and the name of Beeville, Texas with zip code (DSJ Ex. A Ex. 4). Plaintiff has not opposed this summary judgment evidence that the letters were actually delivered into the possession of the USPS. In fact, plaintiff has included the same copies of these receipts in his disclosure to defendant (D.E. 17 at 4, 5).

Defendant has established through competent summary judgment evidence that she did not seize or intercept the two letters at issue. Defendant has established that the USPS will not stamp a receipt for certified mail unless it accompanies the letter being mailed and the corresponding green card attached to the letter. Because the USPS did stamp the receipts for plaintiff's two letters, the green card return receipts must have been attached to plaintiff's letters, and the letters themselves must have been present. Plaintiff cannot rest on the conclusory allegation in his complaint that defendant interfered with his mail. Plaintiff has offered absolutely no summary judgment evidence to raise a genuine issue of material fact as to whether defendant seized or intercepted his mail. Accordingly, defendant is entitled to summary judgment.

**B.    No supervisory liability**

It is well established that § 1983 liability requires personal involvement by the defendant. Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.1983) ("[p]ersonal involvement is an essential

element of a civil rights cause of action"), cert. denied, 464 U.S. 897, 104 S. Ct. 248 (1983). Plaintiff has not alleged that Lamb was personally involved in the alleged violation of his constitutional rights. On the contrary, plaintiff explicitly stated in his deposition that he sued Lamb based only on her position of authority over the Garza West mailroom (DSJ Ex. A at 13-14).

A supervisory official cannot be held vicariously liable under § 1983 for her subordinates' actions. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691-95, 98 S. Ct. 2018, 2036-38 (1978); Thibodeaux v. Arceneaux, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam). Instead, a supervisory official may be held liable only if she (i) affirmatively participated in acts that caused the constitutional deprivation or (ii) implemented unconstitutional policies that causally resulted in plaintiff's injury. Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987); Baker v. Putnal, 75 F.3d 190, 199 (5th Cir. 1996); Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 452-53 (5th Cir.), cert. denied, 513 U.S. 815, 115 S. Ct. 70 (1994). Plaintiff has shown neither that defendant had any personal involvement nor that she implemented an unconstitutional policy. Accordingly, defendant is also entitled to summary judgment for lack of personal involvement and supervisory liability.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that defendant's motion for summary judgment (D.E. 13) be GRANTED.

Respectfully submitted this 2 day of March, 2001.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).